IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| JANEEN ACEY and AMBER HOPKINS, et al.,<br><br>       Plaintiffs,<br><br>  vs.<br><br>HMSCORPORATION, et al.,<br><br>       Defendants. | CASE NO. 8:18-CV-01395-PX<br><br>JUDGE PAULA XINIS<br><br>**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |
| AMY STORCH, *et al.*,<br>     Plaintiffs,<br>vs.<br>HMSHOST CORPORATION, et al.,<br><br>       Defendants. | CASE NO. 8:18-CV-03322-PX |
| ROLANDO FLORES, *et al.*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>HMSHOST CORPORATION., *et al.*,<br><br>       Defendants. | CASE NO. 8:18-CV-03312-PX |

Representative Plaintiffs, Amber Hopkins, Janeen Acey, Amy Storch, Samantha Curry, Jenna Plotkin, and Rolando Flores and Defendants HMSHost Corporation, and HMSHost USA, Inc., (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations.

The following documents are submitted for the Court's approval:

Exhibit A: Joint Stipulation of Settlement and Release (the "Agreement");

Exhibit B: Proposed Notice of Settlement;

Exhibit C: Declaration of J. Russ Bryant; and

Exhibit D: Proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice.

## MEMORANDUM IN SUPPORT

I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>.

    A.  <u>Summary of the Claims and Defenses</u>.

Representative Plaintiffs, Amber Hopkins and Janeen Acey filed the lawsuit, Janeen Acey v. HMSHost Corporation, et al., No. 8:8-cv-1395, on August 24, 2017. The case was transferred to the District of Maryland on May 11, 2018.  The Acey Plaintiffs filed a Second Amended Complaint, the operative pleading, on August 13, 2018. The Acey Plaintiffs sought to represent a collective of non-exempt employees of Host nationwide, alleging off-the-clock wage violations.

Representative Plaintiffs Amy Storch, Samantha Curry, and Jenna Plotkin ("Storch Plaintiffs") filed the lawsuit Storch v. HMS Host Corporation, et. al., No. 8:18-cv-3322 on October 26, 2018. The Storch Plaintiffs sought to represent all current and former hourly tipped Host employees and alleged that Host and/or its affiliated entities owed them and other similarly situated individuals minimum wage compensation pursuant to the FLSA.

Representative Plaintiff Rolando Flores filed the lawsuit Flores v. HMS Host Corporation, et al., 8:18-cv-3312 on October 26, 2018. Flores sought to represent all current and former hourly paid non-exempt warehouse runner/receiver/utility employees of Host and alleged that Host and/or one of its affiliated entities owed them and other similarly situated individuals overtime and minimum wage compensation pursuant to the FLSA.

Host answered each of the operative complaints and denied any liability or wrongdoing of any kind.

B.      Summary of the Procedural History.

These three related cases began as one case, the Acey case, in 2017, which was based on off-the-clock allegations asserted by non-exempt employees. Since it was filed, a total of 120 opt-in plaintiffs have joined the Acey case, including the Janeen Acey and Amber Hopkins.

Following Rule 12 motion practice in the Acey case, in which Host identified the difficulties associated with litigating claims of such a broad collection of employees by job category, the Storch Plaintiffs and Flores filed their respective lawsuits against Host. No additional opt-in plaintiffs have joined the Storch or Flores cases. Thus, the total number of representative plaintiffs and opt-in plaintiffs among the three related cases is 124.

The Parties have conducted discovery on the relevant issues. Defendants produced more than 560 pages of time records and pay stubs—including tens of thousands of lines of data—for the 124 class members.  After analyzing the time and pay records, the Parties agreed to commence settlement negotiations.

C.      Summary of the Key Settlement Terms.

The total settlement amount is $275,000.   This amount includes: (a) all individual settlement payments to 124 Plaintiffs, which include Representative Plaintiffs and the Opt-In Plaintiffs; (b) a service awards totaling $13,000.00 to the Representative Plaintiffs Janeen Acey, Amber Hopkins, Amy Storch, Samantha Curry, Jenna Plotkin, and Rolando Flores for their services in bringing and prosecuting this Action (for which they will provide Defendants a global release of any potential claims they may have against it); and (c) Plaintiffs' Counsel's attorney fees and litigation expenses.

A Notice of Settlement (attached to the Agreement) will be sent to the Plaintiffs with their settlement payments.

3

Individual settlement payments will be calculated based on each Plaintiff's *pro rata* share of the total settlement amount after the payment of attorneys' fees and expenses and the service payment based on the number of workweeks worked by the Plaintiff during the period of August 24, 2014, to the date of the Court's approval of the settlement, in comparison to the total number of workweeks worked by all Plaintiffs during that same period.   This type of allocation is commonly used in class and collective action settlements.

In exchange for the total settlement amount payment and other consideration provided for in the Agreement, this lawsuit will be dismissed with prejudice, and the Plaintiffs will release Defendants from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, in the lawsuit.

    **D.**    *The Total Settlement Amount is Fair and Reasonable and Based on Plaintiffs' Counsel's Estimated Value of the Claims.*

Plaintiffs' counsel submits that the proposed settlement is fair and reasonable given their evaluation of the claims and evidence in the case. As noted above, thepayments provided to each plaintiff are based on their actual time worked within the statutory period. Plaintiffs' counsel processed the voluminous data provided by Defendant and ascertained that Plaintiffs' *maximum* damages totaled $429,218.85. As such, the $138,000.00 allocated for damages in this settlement represents 32.15% of what Plaintiffs' counsel estimates to be the best outcome should Plaintiffs prevail on every single factual and legal point in a trial of this matter. Plaintiffs respectfully submit that this is "reasonable compromise over issues actually in dispute" *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 U.S. Dist. LEXIS 83414, at *14 (D. Md. June 13, 2013) (quotation omitted).

## II.   <u>PROPRIETY OF APPROVAL OF THE SETTLEMENT</u>.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

"[D]istrict courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir.1982)). The settlement must "reflect [ ] a fair and reasonable resolution of a bona fide dispute over FLSA provisions," which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id*. (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc*., No. 08–1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC*, No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D.Md. Aug. 31, 2011)).

"These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id*. (quoting *Lynn's Food Stores*, 679 F.2d at 1354.)

The settlement in this case satisfies each of these elements.

      1.     *The settlement reflects a fair and reasonable settlement of a bona fide dispute over FLSA provisions*

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014). Here, Plaintiffs contend that under the FLSA they are entitled to additional compensation because, they either performed work off the clock or because of the nature of the work they performed in a tip-credit position, Host improperly took a tip credit into account when compensating them. Host vigorously disputes that Plaintiffs are entitled to any additional compensation under the FLSA,

and contends that the time and pay records that it produced in discovery confirm that no additional compensation is warranted.

### 2.   *The settlement is fair and reasonable*

To determine if a settlement is fair and reasonable, courts within the Fourth Circuit weigh a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo* , 2009 WL 3094955, at *10

The elements are satisfied here. First, discovery has taken place in that Host has produced hundreds of pages of timekeeping and pay compensation, with tens of thousands of lines of data, reflecting the hours worked, jobs performed, and pay received for each employee.

Second, there is no evidence of collusion. In analyzing an FLSA settlement, "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Saman v. LBDP, Inc*., No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013). This settlement was the product of a day's long mediation with respected wage & hour mediator Michael L. Russell.

In addition, Plaintiffs are represented by counsel with extensive FLSA litigation experience. *See infra* at 9-10. At all times, they have acted in good faith and have vigorously representative the interests of the Plaintiffs.   Counsel for plaintiffs recommend the settlement agreement for approval based on the risk to Plaintiffs. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is

entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at \*11 (S.D. Ohio Aug. 17, 2018).

Plaintiffs' counsel has also evaluated Plaintiffs' probability of success on the merits, which informs the amount of the settlement in relation to the potential recovery. Indeed, it was upon the time and pay records that Host produced that Plaintiffs' counsel based the settlement agreement, following calculation of the potential range of recovery. *Saman v. LBDP, Inc.*, No. CIV.A. DKC 12-1083, 2013 WL 2949047, at \*4 (D. Md. June 13, 2013) (FLSA settlement is fair and reasonable where counsel "reviewed sufficient wage/hour records, of sufficient quantity and quality to perform the necessary calculations to determine the potential range of recovery"). Specifically, Defendant produced thousands of pages of documents, including Plaintiffs' time and payroll records. Plaintiffs' Counsel built a damages model using Plaintiffs' time and payroll records. That model calculated the amount of unpaid overtime for each Plaintiff.

Consequently, Host and Plaintiffs were able "to obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *Lomascolo*, 2009 WL 3094955, at \*11.

Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

The Parties also disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether liquidated damages are appropriate, and whether the claims alleged can proceed collectively.

Accordingly, if this case had not settled, it is possible that there would be no recovery for the Plaintiffs at all.

If this case had not settled, the Parties would be required to engage in costly litigation, such as extensive deposition practice, briefing decertification and/or summary judgment and trial. The Settlement, on the other hand, provides substantial relief to the Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution.

3.   *The Attorney Fees to Plaintiffs' Counsel Are Proper and Reasonable.*

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Agreement as to the provision of fees and litigation expenses to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount $130,000. It is important to note that Plaintiffs' attorneys' fees and costs were negotiated separately, and after the relief to the class was negotiated. *See* MEMORANDUM TO COUNSEL (ECF No. 106) at 3 (citations and quotations omitted) ("Nonetheless, an attorneys' fee award negotiated pursuant to a contingent-fee arrangement can be approved if the court finds (1) that the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach.")

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F.Supp.2d 346, 348 (D.Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990)). "An hourly rate is reasonable if it is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 412 (D. Md. 2014). "The starting point in the lodestar

8

calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate." *Orellana v. Absolute Serv. Indus., LLC*, No. CV DKC 19-0080, 2019 WL 2076046, at *4 (D. Md. May 10, 2019).

The Court's decision in *Saman* explains what information Plaintiffs' counsel should provide to support their fee petition. They "should provide all documentation necessary to make a lodestar determination, including but not limited to (1) declarations establishing the hours expended by counsel, broken down for each task; and (2) support for the reasonableness of counsel's hourly rate." *Saman*, 2013 U.S. Dist. LEXIS 83414, at *19 (citation omitted). In addition to the sworn statements, "the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. *Id.* The requested fees must also comport with the requirements and guidance set forth in Local Rule 109 and Appendix B to the Local Rules. *Id.*

Plaintiffs' Counsel's request for $130,000.00 in fees represents 785 hours of attorney time at a blended hourly rate of $150.96, plus an additional 121 hours of paralegal/law clerk time at an hourly-rate of $95.00.

Plaintiffs' Counsel has submitted a declaration detailing its time incurred litigating this matter, which has been vigorously litigated since 2017. As reflected by Plaintiffs' Counsel's declaration, the request for a fee of $130,000 aligns with a lodestar calculation and falls within the parameters of Appendix B to the Local Rules.

Thus, Plaintiffs' Counsel's requested attorneys' fee and costs award is reasonable under the circumstances.

4.  *The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred in This Case.*

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which as of the date of this Motion are $7,000.00. Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.

III.   <u>CONCLUSION</u>.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice; (2) approve Plaintiffs' Counsel's request for attorney fees and expenses; (3) approve the requested service payment; and (4) retain jurisdiction to enforce the settlement if necessary.

Dated:  July 16, 2021

Respectfully submitted,

JACKSON SHIELDS YEISER, HOLT
OWEN & BRYANT
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone:   901.754.8001
Facsimile:     901.754.8524

BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio  44114-1214
Telephone:   216.621.0200
Facsimile:     216.696.0740

*/s/ Gordon E. Jackson*
Gordon E. Jackson* (TN BPR #08323)
gjackson@jsyc.com
J. Russ Bryant* (TN BPR #33830)

*/s/ Dustin Dow*
Gregory V. Mersol
gmersol@bakerlaw.com
Dustin Dow

4824-5069-6434.1

rbryant@jsyc.com                                ddow@bakerlaw.com
Paula R. Jackson* (TN BPR #20149)
pjackson@jsyc.com
Robert E. Turner, IV* (TN BPR #35364)
rturner@jsyc.com
Robert E. Morelli, III* (TN BPR #37004)
rmorelli@jsyc.com


JOSEPH GREENWALD AND LAAKE PA
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Telephone:      240.553.1206
Facsimile:      240.553.1737


/s/ *Timothy Maloney*
Timothy Maloney (D. Md. Bar No. 03381)
tmaloney@jglaw.com
Alyse Lauren Prawde (D. Md. Bar No. 14676)
aprawde@jglaw.com


Counsels for Plaintiffs               Counsels for Defendants


* Admitted *Pro Hac Vice*